

**FILED**

December 17, 2014

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:45 AM

# TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Employee: Tracy Payne | ) | Docket No. 2014-01-0023 |
| | ) | |
| Employer: D and D Electric | ) | State File No. 60880-2014 |

In accordance with Rule 0800-02-22-.02(6), please find attached the Workers' Compensation Appeals Board's Order Affirming and Remanding Interlocutory Order of Court of Workers' Compensation Claims in the referenced case.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order Affirming and Remanding Interlocutory Order of Court of Workers' Compensation Claims was sent to the following recipients by the following methods of service on this the 17th day of December, 2014.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Tracy Payne, Employee | | | | | X | tracypayne@bellsouth.net |
| Blair Cannon, Employer's Attorney | | | | | X | Blair.cannon@thehartford.com |
| Thomas L. Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov





**FILED**

December 17, 2014

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:45 AM

## TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Employee: Tracy Payne ) | Docket No. 2014-01-0023 |
| ) | |
| Employer: D and D Electric ) | State File No. 60880-2014 |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Thomas L. Wyatt, Judge ) | |

---

### Affirmed and Remanded – December 17, 2014

---

## ORDER AFFIRMING AND REMANDING INTERLOCUTORY ORDER
## OF COURT OF WORKERS' COMPENSATION CLAIMS

This interlocutory appeal involves an employee who alleges that he suffered a work-related injury to his left foot at work, which then aggravated preexisting diabetes and heart disease. The employer denied that employee has proven a work-related injury and refused employee's request for medical or temporary disability benefits. At the expedited hearing, employee, acting in a *pro se* capacity, was the only witness who testified. Upon completion of the expedited hearing, the trial court entered an order compelling the employer to provide medical benefits, but denied the employee's request for temporary disability benefits. Both parties appealed. Having carefully reviewed the record, we affirm the decision of the Court of Workers' Compensation Claims.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley, joined.

Tracy Payne, Ringgold, Georgia, *pro se*

Blair Cannon, Birmingham, Alabama, for the employer-appellant/appellee, D and D Electric

## Factual and Procedural Background

The employee, Tracy Payne ("Employee"), is a 53 year old resident of Ringgold, Georgia.[1] On August 1, 2014, Employee was working as an electrician for D and D Electric ("Employer") when he alleged an injury to his left foot. The precise mechanism of injury is unclear, although the Petition for Benefit Determination includes allegations that Employee "fell on steps" and that he was "carring [sic] tools to truck . . . slipped on steps." The trial judge concluded that "he broke his foot while walking from his workplace to his truck." Employee reported the incident to Employer the following day. Employee testified that he was told by Employer to seek medical attention. However, Employer thereafter denied the claim and refused to provide medical or disability benefits.

A Petition for Benefit Determination was filed October 1, 2014. Following unsuccessful mediation efforts, a Dispute Certification Notice ("DCN") was issued October 9, 2014.[2] Two Requests for Expedited Hearing were then filed; one on October 21, 2014 and the second on October 23, 2013. The second request sought an evidentiary hearing, which occurred on November 14, 2014. Employee was the only witness to testify. As a result of the hearing, the trial judge issued an Order for Medical Benefits, but denied Employee's request for temporary disability benefits. Both parties timely filed Notices of Appeal.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless "the rights of the party seeking review have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;
(C) Do not comply with lawful procedure;
(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly unwarranted exercise of discretion; or

---

[1] No transcript of the expedited hearing or statement of the evidence has been filed. Thus, we have gleaned the factual background from the pleadings and the trial court's order entered after the hearing.
[2] As noted by the trial judge, adequate notice was *not* identified as a disputed issue on the DCN.

(E) Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(2) (2014).

In applying this standard, courts have construed substantial and material evidence to mean "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay County Manor, Inc. v. State of Tennessee*, 849 S.W.2d 755, 759 (Tenn. 1993) (quoting *Southern Railway Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)). Like other courts applying the standard embodied in section 50-6-217(a)(2), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

### A. Record on Appeal

It is well-settled in Tennessee that the appealing party has the burden to ensure that an adequate record is prepared on appeal. As the Supreme Court's Special Workers' Compensation Appeals Panel explained in *Vulcan Materials Co. v. Watson*, No. M2003-00975-WC-R3-CV, 2004 Tenn. LEXIS 451 (Tenn. Workers' Comp. Panel May 19, 2004):

> The appellant has the duty of preparing a record that conveys a fair, accurate and complete account of the proceedings in the trial court with respect to the issues on appeal. Tenn. R. App. P. 24(b). We are provided with only the trial court's findings of facts and conclusions of law rendered from the bench and the exhibits introduced at the trial of this cause, which include three doctor's depositions. We do not have a record of the lay testimony presented to the trial court. In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence. *Manufacturers Consol. Service v. Rodell*, 42 S.W.3d 846, 865 (Tenn. App. 2000).

*Id*. at *6-7.

Including a transcript or statement of the evidence as part of the record on appeal promotes meaningful appellate review and, in turn, public confidence in the integrity and fairness of the process. As one court has explained, "[f]ull appellate consideration of a trial court's determination . . . is part of the process designed to achieve an accurate and just decision." *In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 Tenn. App. LEXIS 546, at *12 (Tenn. Ct. App. Aug. 16, 2000). Indeed, "[w]ithout a transcript

3

or a statement of the evidence, the appellate court cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). Accordingly, "it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence." *Id.* at *7. *See also Whitesell v. Moore*, No. M2011-02745-COA-R3-CV, 2012 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Dec. 21, 2012) ("[w]ithout a transcript or a statement of the evidence, we cannot review the evidence"); *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1996) ("In the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee."). In short, "[a]n incomplete appellate record is fatal to an appeal," *Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 Tenn. App. LEXIS 70, at *11 (Tenn. Ct. App. Feb. 1, 2007), and a reviewing court "must conclusively presume that the evidence presented supported the facts as found by the trial court." *Whitesell*, 2012 Tenn. App. LEXIS 894, at *10.

In the present case, as in *Vulcan Materials*, the Appeals Board was provided with no record of any testimony taken during the expedited hearing. Moreover, no statement of the evidence was offered by either party. Under the circumstances, the Appeals Board will presume that the trial court's rulings were supported by sufficient evidence.

## B. Burden of Proof

For dates of injury after July 1, 2014, "this chapter shall not be remedially or liberally construed but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction." Tenn. Code Ann. § 50-6-116 (2014). An employee has the burden of proving each element of his or her workers' compensation claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6); *Elmore v. Travelers Ins. Co.*, 824 S.W.2d 541, 543 (Tenn. 1992). In order to establish entitlement to temporary disability benefits, the employee "must prove that he [or she] was (1) totally disabled to work by a compensable injury; (2) that there is a causal connection between the injury and his [or her] inability to work; and (3) the duration of that period of disability." *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978). When deciding whether to initiate temporary disability or medical benefits, the court will consider whether, from the record before it, the Employee seeking benefits is likely to succeed on the merits of the claim. *See generally McCall v. National Health Care Corp.*, 100 S.W.3d 209, 214 (Tenn. 2003).

4

## C. Medical Benefits

Tennessee Code Annotated section 50-6-103 sets forth the basic obligations of the parties in a workers' compensation dispute. "Every employer and employee subject to this chapter shall, respectively, pay and accept compensation for personal injury or death by accident arising out of and in the course of employment without regard to fault as a cause of the injury or death. . . ." Tenn. Code Ann. § 50-6-103(a) (2014). Tennessee Code Annotated section 50-6-204 explains that an employer is obligated to provide "such medical and surgical treatment, medicine . . . and other reasonable and necessary apparatus . . . as ordered by the attending physician . . . ." Tenn. Code Ann. § 50-6-204(a)(1)(A) (2014). This section further obligates the employer to "designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups . . . from which the injured employee shall select one to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(4)(A) (2014).

In the present case, an analysis of Employer's obligation to provide medical benefits pursuant to Tennessee Code Annotated section 50-6-204 is dependent on the sufficiency of the evidence presented by Employee during the expedited hearing. The only testimony offered at the expedited hearing was from Employee. No exhibits were offered into evidence. Employer offered no evidence whatsoever. Since no transcript of the testimony has been provided in this appeal, this Board must presume that the trial court's rulings were supported by sufficient evidence. Therefore, this Board concludes that Employee's testimony provided a sufficient basis for the trial judge to order the provision of medical benefits. *Vulcan Materials*, 2004 Tenn. LEXIS 451, at *7 ("In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence.").

## D. Temporary Disability Benefits

With respect to Employee's claim for temporary disability benefits, the trial court concluded that "the Court is unable to assess the nature and extent of Employee's claimed injury and whether he is disabled from working on account thereof." In its position statement submitted in support of its Notice of Appeal, Employer argued that the trial court should have applied this same standard of proof to Employee's demand for medical benefits. Yet, Tennessee law is clear that an employee must establish certain prima facie elements to be entitled to temporary disability benefits which are not required in establishing entitlement to medical benefits. *See, e.g., Simpson*, 564 S.W.2d at 955. The trial court concluded that Employee had not established those prima facie elements and denied the claim for temporary disability benefits. Again, in the absence of a transcript or statement of the evidence, this Board will presume that the trial court's conclusion on this issue was supported by sufficient evidence.

5

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's findings that Employee established entitlement to medical benefits, but did not establish entitlement to temporary disability benefits. Further, we find that the trial court's decision does not violate the standards set forth in Tennessee Code Annotated section 50-6-217(a)(2). Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings which may be necessary.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board